**Reynold A. VESPA, Appellant,**

v.

**NATIONAL HEALTH INSURANCE COMPANY, Appellee.**

**No. 02–02–086–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 6, 2003.

Bodoin, Burnside & Burge, P.C., Mark Edwin Burge, John C. Burnside, Fort Worth, for Appellant.

Christopher A. Neal & Associates and P.A., Christopher A. Neal, David C. Routzon, Jr., Bedford, for Appellee.

PANEL A: CAYCE, C.J., DAY and LIVINGSTON, JJ.

## OPINION

SAM J. DAY, Justice.

In this restricted appeal, National Health Insurance Company, Appellee, sued and acquired a default judgment on Reynold A. Vespa, Appellant. Appellant filed a restricted appeal citing two points: 1) the trial court's default judgment must be reversed and remanded because the face of the record demonstrates that service of process was defective; and 2) the trial court's ruling on the amendment to return of service was improper because the trial court had no jurisdiction to allow the amendment. We reverse and remand the case for a new trial.

## FACTS

Appellee sued Appellant for breach of contract claiming liquidated damages and attorney's fees. After repeated attempts to serve Appellant, Appellee made a motion to the trial court requesting substitute service which the court granted. The order provided that the citation, petition, and a copy of the order must be secured to the front door of Appellant's residence.

On July 27, 2001, Appellee served Appellant. The return of service showed only that the petition and citation were posted and made no reference to the copy of the order. Appellant failed to appear, and on September 20, 2001, the trial court granted default judgment against Appellant.

Appellant moved for a restricted appeal on March 15, 2002. In response to Appellant's appeal, Appellee made a motion to the trial court requesting to amend the return of service in an attempt to cure any error on the face of the record. Nine months after the trial court entered judg-

ment, it granted the motion to amend service on June 20, 2002.

## DISCUSSION

Texas Rules of Appellate Procedure 26.1(c) and 30 require four elements for a successful restricted appeal: 1) a notice of restricted appeal must be filed within six months after the judgment is signed; 2) by a party to the lawsuit; 3) who did not participate in the hearing that resulted in the judgment of which the party complains and did not file a timely post-judgment motion; and 4) error must be apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). Because the parties only contest the fourth requirement of this restricted appeal, we will focus our review on determining whether error is apparent on the face of the record. If we find error apparent on the face of the record, we must reverse the default judgment.

A restricted appeal directly attacks a default judgment. *See Lewis v. Ramirez,* 49 S.W.3d 561, 564 (Tex.App.-Corpus Christi 2001, no pet.). To sustain a default judgment under direct attack, the plaintiff in the trial court must strictly comply with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Bannigan v. Mkt. St. Developers, Ltd.,* 766 S.W.2d 591, 592 (Tex.App.-Dallas 1989, no writ). The plaintiff must show such compliance on the face of the record. *Bannigan,* 766 S.W.2d at 592. The normal presumptions favoring valid issuance, service, and return of citation do not apply. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Stankiewicz v. Oca,* 991 S.W.2d 308, 310 (Tex.App.-Fort Worth 1999, no pet.).

Texas law prefers personal service over substitute service. *Stankiewicz,*

991 S.W.2d at 311. When the plaintiff uses substituted service, Texas law places a burden on the plaintiff to prove that he or she served the defendant in the manner required by the applicable statute. *Dolly v. Aethos Communications Sys., Inc.,* 10 S.W.3d 384, 388 (Tex.App.-Dallas 2000, no pet.).

Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. TEX. R. CIV. P. 106(b). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107. When a trial court orders substituted service under rule 106, the only authority for the substituted service is the order itself. *Dolly,* 10 S.W.3d at 388; *Broussard v. Davila,* 352 S.W.2d 753, 754 (Tex.Civ.App.-San Antonio 1961, no writ). Because the trial court's order is the sole basis of authority authorizing substituted service, any deviation from the trial court's order necessitates a reversal of the default judgment based on service. *Becker v. Russell,* 765 S.W.2d 899, 900 (Tex.App.-Austin 1989, no writ).

In the present case, Appellee served Appellant using substitute service under rule 106. Appellee was required to follow the trial court's instructions exactly when serving Appellant. *Becker,* 765 S.W.2d at 900. The trial court required the citation, petition, and a copy of the trial court's order to be placed on the front door of Appellant's house. The return of service showed that the process server only placed the citation and petition on Appellant's door. Because the return of service is prima facie evidence of how service was performed, it proves that the order was not placed on the door as instructed by the trial court. *See Primate,* 884 S.W.2d at 152 (holding that the return of service is considered prima facie evidence of the facts recited therein, and "the weight given to the return is no less when the recitations impeach the judgment than when they support it").

In the present case, the return of service provided prima facie evidence that Appellant did not receive the copy of the court's order. The trial court's order amounted to the only legal authorization for Appellee's actions. When Appellee failed to strictly follow the order, Appellee violated rule 106 of the Texas Rules of Civil Procedure. Violation of rule 106 makes the service of process invalid and of no effect. *See Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). Further, defective service of process removes the trial court's jurisdiction over the defendant. *See id.* (holding that jurisdiction is dependent upon citation issued and served in a manner provided for by law). Because service was defective in this case, the trial court lacked jurisdiction to grant the default judgment.

Appellee attempted to cure the defect by amending the return over eight months after the court entered default judgment against Appellant, and after Appellant had filed his restricted appeal with this court. Appellee claims that Texas Rule of Civil Procedure 118 authorizes the trial court to amend the return of service at any time. We disagree.

The Texas Supreme Court has ruled that rule 118 allows for the amendment of the return of service at any time up until the trial court enters judgment. *See Primate,* 884 S.W.2d at 153 (holding that if the return is defective, the one requesting service must amend the return prior to judgment being entered); *see also Union Pac. Corp. v. Legg,* 49 S.W.3d 72, 77 (Tex.App.-Austin 2001, no pet.). Once the trial court enters judgment in the case, it cannot authorize amendment to the return

of service. *Primate,* 884 S.W.2d at 153. Because Appellee's motion to amend the return of service occurred after the trial court entered default judgment, we hold the amendment untimely. Due to the amendment being untimely, it could not cure the defect in the record. We therefore hold that there was a defect in the return of service which removed the trial court's jurisdiction over Appellant. Without jurisdiction over Appellant, the default judgment cannot stand.

## CONCLUSION

Having found error on the face of the record, we reverse the trial court's default judgment and remand the case for a new trial.

LIVINGSTON, J. filed a concurring opinion.

TERRIE LIVINGSTON, Justice, concurring.

While I agree with the majority's result in this case, I respectfully write separately to voice my departure from its analysis in one respect.

The majority cites *Primate Constr., Inc. v. Silver* for the proposition that Texas Rule of Civil Procedure 118 allows for an amendment to the return *at any time up until a judgment* has been entered. 884 S.W.2d 151, 153 (Tex.1994); *see also* TEX.R. CIV. P. 118. However, that portion of *Primate* is mere dicta because in that default judgment there was no amendment to the return or attempt to amend the return. *Primate Constr., Inc.,* 884 S.W.2d at 153. The issue of whether someone had effectively and timely filed for an amendment to the return was simply not before the court. *Id.* The court was merely reciting the fact that rule 118 provides a remedy to a plaintiff who has improperly served a defendant. Thus, I would hold that be-

cause appellee's rule 118 motion was filed *after* the trial court's plenary power expired as opposed to after judgment, it was untimely.