

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00478-CV

TONY SMITH                                                              APPELLANT

V.

RON PHILLEY AND                                                        APPELLEES
LYNDA PHILLEY

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this restricted appeal, pro se appellant Tony Smith appeals the trial court's default judgment for pro se appellees Ron and Lynda Philley.

To prevail on a restricted appeal, an appellant must establish that (1) he filed a notice of the restricted appeal within six months of the judgment being signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in

---

[1]*See* Tex. R. App. P. 47.4.

the proceedings resulting in the complained-of judgment or timely file any postjudgment motions, requests for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a); and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)). The only contested requirement of this restricted appeal—part of Smith's first issue—is whether error is apparent on the face of the record. Smith claims that there are multiple errors on the face of the record showing that he did not receive "proper service (or any service)."

Strict compliance with the rules governing service is mandatory if a default judgment is to withstand an attack on appeal, and failure to comply with these rules constitutes error on the face of the record. *Lejeune*, 297 S.W.3d at 256. There are no presumptions of valid issuance, service, and return of citation when examining a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

The Philleys filed their original petition on February 3, 2012, listing Erasmo Maldonado as the only defendant and seeking, among other things, a declaratory judgment that they owned the property at 1110 Cold Springs Road. Four days later, the Philleys filed their first amended original petition, adding Smith and 1110 Cold Springs Road Land Trust as defendants, adding a claim for fraud against Smith regarding his transactions involving the property, and seeking to

2

void all deeds between Ben Ramos, Smith, 1110 Cold Springs Road Land Trust, and Maldonado. The Philleys alleged that Smith was trustee for 1110 Cold Springs Road Land Trust and listed Smith's and 1110 Cold Springs Road Land Trust's address for service as 201 E. Belknap St., Fort Worth, TX 76102.[2] The record contains the citation issued to Maldonado regarding the first amended original petition.

On March 27, 2012, the Philleys filed a sworn motion for alternative service of process under rule of civil procedure 106 with regard to Smith and 1110 Cold Springs Road Land Trust, claiming that their process server's attempts at personal service had been unsuccessful. The Philleys asked the court to authorize service by certified mail at 201 E. Belknap St., Fort Worth, TX 76102. The Philleys attached the affidavit of their process server, in which the server averred that he was unable to serve Smith at 201 E. Belknap St., Fort Worth, TX 76102 because he had been "unable to locate Respondent Tony Smith." The process server's affidavit does not mention 1110 Cold Springs Road Land Trust.

The trial court signed an order authorizing alternative service of process on March 30, 2012. The trial court found that Smith's and 1110 Cold Springs Road Land Trust's last known address was 201 E. Belknap St., Fort Worth, TX 76102, and that alternative service "will be reasonably effective to give the Defendants

---

[2]In his appellate brief, Smith denies that service would be proper for anyone at that address, claiming that it was a construction site during the pendency of the suit.

3

notice of this suit." The trial court ordered that service on the defendants "of the citation and the accompanying copy of the Plaintiffs' *Original* Petition and Application for Temporary and Permanent Injunction in this case shall be accomplished via certified mail to Defendants' last known address, as referenced above."[3] [Emphasis added.] That is, the trial court ordered service of a petition in which Smith (and the trust) were not named as defendants. The Philleys were ultimately unsuccessful in serving Smith or the trust by certified mail.[4] The trial court entered a default judgment against Smith, the trust, and Maldonado.[5]

---

[3]When a trial court orders substituted service under rule 106, the only authority for the substituted service is the order itself; because the trial court's order is the sole basis of authority, any deviation from the order necessitates a reversal of the default judgment based on service. *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.).

[4]The certified mail wrappings for Smith and 1110 Cold Springs Road Land Trust show a stamp reading, "Returned to Sender Undeliverable as Addressed—Forwarding Order Expired."

In their appellate brief, the Philleys state that their attorney found Smith's business address "so known in multiple Advertisements on the Internet." The Philleys also state that they spoke with Maldonado after the default judgment was entered and that Maldonado—who they state is now deceased—told them that he had spoken with Smith and that Smith had told him that he would take care of it. None of this is supported in the record or would suffice to show proper service. *See* Tex. R. Civ. P. 106; *Vespa*, 98 S.W.3d at 751 (stating that to sustain a default judgment under direct attack by a restricted appeal, the plaintiff in the trial court must strictly comply with the rules relating to the issuance of citation, the manner and mode of service, and the return of process and must show such compliance on the face of the record).

[5]Neither Maldonado nor the trust was included in the notice of appeal, and Smith could not appear pro se on the trust's behalf. *See* Tex. R. Civ. P. 7; *In re Guetersloh*, 326 S.W.3d 737, 739–40 (Tex. App.—Amarillo 2010, orig.

There is nothing in the record to show that Smith (or 1110 Cold Springs Road Land Trust) ever received service of any sort. But even if the record reflected that Smith had been served in compliance with the trial court's order authorizing alternative service of process, *see Vespa*, 98 S.W.3d at 752, error would remain on the face of this record because he would have been served with a petition in which he was not named as a defendant. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (holding that there was error on the face of the record when a sheriff's return showed that defendant was served with a version of the plaintiff's petition in which it was not named as a defendant). We sustain Smith's first issue in part,[6] reverse the default judgment as to all defendants in the trial court,[7] and remand the case to the trial court for further proceedings.

---

proceeding); *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.).

[6]Because we sustain the part of Smith's first issue pertaining to error on the face of the record, we need not reach the remainder of his issues. *See* Tex. R. App. P. 47.1.

[7]Although 1110 Cold Springs Land Trust did not appeal the default judgment and Smith could not have represented the trust pro se even if it had appealed, the "respective rights of the appealing and nonappealing parties are so interwoven or dependent on each other as to require a reversal of the whole judgment where a part thereof is reversed." *Lockhart v. Snyder & Co.*, 139 Tex. 411, 163 S.W.2d 385, 392 (1942). The Philleys alleged in their first amended original petition that Smith was the trustee for 1110 Cold Springs Road Land Trust and that Smith had conveyed the subject property to 1110 Cold Springs Road Land Trust before the trust conveyed the property to Maldonado. The trial court's order voided only the deeds between Smith's predecessor and Smith and between 1110 Cold Springs Land Trust and Maldonado, and Smith seeks

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  January 30, 2014

---

reversal of the entire order.  *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 449–50 (Tex. 1998) (noting that appealing parties in cases applying the *Lockhart* exception had specifically requested reversing and remanding the entire case); *XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 64–65 (Tex. App.—Fort Worth 2011, pet. denied) (reversing entire judgment as to all defendants in the trial court because of entangled real property rights).