In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00147-CV**
_____

**COLEMAN R. FERGUSON, Appellant**

**V.**

**TRANSPECTO TRANSPORT COMPANY, Appellee**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-201,340**

**MEMORANDUM OPINION**

In this restricted appeal,[1] Coleman R. Ferguson seeks to overturn a judgment

he suffered by default favoring the plaintiff that sued him, Transpecto Transport

---

[1]*See* Tex. R. App. P. 30 (providing that "[a] party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within" six months after the trial court signed the judgment). Here, the trial court signed the judgment on November 15, 2018. Ferguson filed his notice of appeal on May 10, 2019.

Company. In the court below, Transpecto sued Ferguson and Ferguson Syngas, LLC, alleging that Ferguson Syngas defaulted on the loan it obtained from Transpecto and that Ferguson, as Ferguson Syngas's agent, was guilty of fraud based on the conduct he engaged in to obtain the loan.[2] We conclude that Ferguson has failed to show that he was not served properly under the rules of procedure that apply to serving a party at his last known address based on the facts in the face of the record. Because the face of the record does not show Transpecto failed to serve Ferguson at his last known address or that the petition and citation were not served in accordance with the order the trial court signed authorizing serving him at his last known address by affixing a copy of the petition and citation to the residence that was his last known address, we affirm.

Background

In February 2014, Ferguson, acting for Ferguson Syngas, LLC, obtained a loan for $120,000 from Transpecto Transport Company. Under Ferguson Syngas's note, the company agreed to pay the balance of the loan, with interest, when the loan

---

[2]Even though Coleman R. Ferguson and Ferguson Syngas, LLC were named as defendants and the trial court rendered judgment against both, Coleman R. Ferguson is the only party who filed a notice to appeal from the trial court's judgment. Even had Ferguson Syngas, LLC also filed a restricted appeal, however, we would reach the same conclusion we reach in disposing of Ferguson's appeal—that no error has been shown based on the evidence found on the face of the record—since the argument he raises in his brief claiming Ferguson Syngas, LLC is chartered in the State of Oklahoma and not Texas is unsupported by the evidence that falls within our scope of review.

matured in one year. When Ferguson Syngas failed to pay the loan, lawyers representing Transpecto sent Ferguson and Ferguson Syngas a letter demanding that Ferguson Syngas pay the loan in full.

When Ferguson Syngas failed to comply, Transpecto sued Ferguson and Ferguson Syngas in the 58th District Court on claims alleging breach of contract and fraud. As for serving citation, Transpecto's petition alleges that Ferguson resides in Texas and that he could be "served with process at 1915 Magnolia Avenue, Port Neches, Texas [], or wherever he may be found within the State of Texas." As to Ferguson Syngas, the petition alleges that Ferguson Syngas "is an Oklahoma limited liability company, that can be served with process through its registered agent Coleman Ferguson, located at 1915 Magnolia Avenue, Port Neches, Texas[], or wherever he may be found within the State of Texas."

According to the clerk's record, a process server tried to serve Ferguson and Ferguson Syngas five times in late March 2018 by serving Ferguson with the petition and citation at 120 Harness Lane, Georgetown, Texas. According to Transpecto's motion for alternative service, the address on Harness Lane is Ferguson's last known address and Transpecto tried to serve him by serving him personally at that address. When the process server's efforts to do so failed, Transpecto asked the trial court for permission to serve the suit by affixing a copy of the petition, citation, and the motion for alternative service to the door of the residence because the process server had

3

learned from one of Ferguson's former neighbors that she was forwarding Ferguson's mail to him from the residence at 120 Harness Lane, Georgetown, Texas.

Transpecto's motion for alternate services is supported by an affidavit, signed by the process server who tried to serve Ferguson with the suit. The affidavit explains the process server tried to serve Ferguson personally with the suit several times. It also explains that, while trying to find Ferguson, the process server spoke to Mrs. Anderson, a person who also lives on Harness Lane. According to the affidavit, the process server learned that Anderson was forwarding Ferguson's mail to him at an address she refused to disclose. As to these facts, the process server's affidavit states:

> Mrs. Anderson [] confirmed that she has not seen Coleman Ferguson in several years & his wife Bettye owns the house. Mrs. Anderson collects their mail & packages & forwards them to them, but she would not provide that address. She went inside to call Mr. Ferguson[] and returned to tell me that Mr. Ferguson would not provide any information about where he was living.

The trial court granted Transpecto's motion in which it sought to serve Ferguson by alternative means. The court's order that authorized alternative services provides:

> [S]ervice of citation may be made on Defendants, Coleman R. Ferguson d/b/a Ferguson Syngas, LLC, and Ferguson Syngas, LLC, by and through their registered agent, Coleman R. Ferguson, by leaving a copy of the citation, with a copy of the Petition and a copy of this Order attached, with any person 16 years or older at 120 Harness Lane, Georgetown, Texas 78633, a place where Defendants have been receiving mail; **OR** affixing said citation with attached Petition and a copy of this Order to the front door of Defendants' registered agent's

4

last known address located at 120 Harness Lane, Georgetown, Texas 78633.

After the trial court granted Transpecto's motion, the process server affixed the citation, petition, the motion, and the order authorizing alternative service to the front door of the residence at 120 Harness Lane.

In June 2018, Transpecto moved for a no-answer default judgment against Ferguson and Ferguson Syngas, LLC. In November 2018, the trial court granted Transpecto's motion for default judgment. In granting the motion, the court signed a judgment awarding Transpecto $150,006.00 in damages based on Transpecto's claims alleging breach of contract and fraud.[3]

Analysis

To affirm a judgment in a case involving a judgment obtained against a defendant by default, the record before us in the appeal must establish that the trial court could exercise jurisdiction over the parties and over the subject matter of the suit.[4] The record must also show the plaintiff complied with the rules of procedure that control the manner and method of serving a party with a lawsuit.[5] Without a record that shows the plaintiff served the lawsuit properly under one of the methods

---

[3]For simplicity, we have rounded all monetary figures to whole numbers.
[4]*Marrot Commc'ns Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).
[5]*See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994).

provided in the rules of procedure, a trial court never acquires jurisdiction over the defendant's person and any resulting judgment that a trial court might sign are invalid.[6] In fact, if the trial court lacks jurisdiction over the suit, the judgment that it signs is void.[7]

Texas law prefers personal service on defendants rather than service through some other alternative means.[8] Yet the rules still authorize a trial court to allow service of the suit by other means, if the trial court is given evidence that shows reasonable attempts to effect personal service of the suit failed and that another alternative method of service "will be reasonably effective to give the defendant notice of the suit."[9] In cases "[w]here citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court."[10] In cases involving an service of the suit by an alternative method, the plaintiff must strictly comply with the requirements the trial court creates in its order allowing alternative service to serve the defendant properly with the lawsuit.[11]

---

[6]*Id.*
[7]*Id.*
[8]*Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.).
[9]Tex. R. Civ. P. 106(b)(2).
[10]*Id.* 107(f).
[11]*Vespa*, 98 S.W.3d at 752.

Rule 30 of the Texas Rules of Appellate Procedure control our jurisdiction to consider a restricted appeal.[12] As to those requirements, the parties agree that Ferguson never participated in the proceedings in the court below. But to prevail in his appeal, Ferguson must also show that "error is apparent on the face of the record."[13] The phrase *face of the record* consists of the documents before the trial court when it rendered the judgment at issue in the appeal, including the clerk's record and the reporter's record created in the proceedings that occurred below.[14] Since the parties do not dispute that Ferguson met the requirements listed in Rule 30, we focus on whether he has shown that error exists on the face of the record to resolve the arguments he presents to support his appeal.

In his brief, Ferguson argues that the allegations in Transpecto's petition about where he resides and where Ferguson Syngas, LLC is chartered are false. Unlike the allegations in Transpecto's petition, Ferguson argues he resides in Oklahoma. He supports his claim by noting that the certificate signed by the Secretary of the State of Oklahoma, which he attached to his appendix, shows that Ferguson Syngas, LLC is chartered in Oklahoma, he is Ferguson Syngas's registered agent, and his address is 2140 South Columbia, Tulsa, Oklahoma. But the certificate in the appendix

---

[12]Tex. R. App. P. 30.
[13]*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).
[14]*Norman Commc'ns. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

Ferguson included with his brief is not evidence that is in the face of the record. Instead, the certificate he relies on is extrinsic evidence, meaning the certificate is not evidence that is within the documents that consist of the face of the record. As a result, we may not consider the certificate in resolving the issues Ferguson raises in his restricted appeal.[15]

Turning to the documents found within the face of the record, we conclude nothing in them shows that the jurisdictional allegations in Transpecto's petition are false. Stated another way, the documents within our limited scope of review fail to show that Transpecto failed to serve Ferguson at his last known address. Moreover, nothing in them show that Ferguson was not served in the manner the trial court described in its court's order granting Transpecto's motion for alternate service. Instead, the record shows that Ferguson was served with the petition, citation, and the order authorizing alternative service by the means in the trial court's order, that was by affixing the lawsuit and citation to the front door of Ferguson's last known address.[16]

---

[15]*Alexander*, 134 S.W.3d at 848 (in a restricted appeal, explaining the Supreme Court would not consider an affidavit filed by a party to the appeal when the affidavit was filed for the first time in the appeal).

[16]Although Ferguson Syngas, LLC is not a party to this appeal, Ferguson has argued in his brief that service on Ferguson Syngas, LLC is also defective. We note, however, that nothing on the face of the record shows the jurisdictional allegations relevant to serving Ferguson as Ferguson Syngas's registered agent are false. And nothing on the face of the record shows that Ferguson Syngas, LLC was not served

To boil it down, Ferguson asks that this Court rely on extrinsic evidence to reverse the default judgment from which he has appealed. But Ferguson needs extrinsic evidence to establish his claim that Transpecto failed to serve him at his last known address, and since he needs extrinsic evidence to prove his claims, "the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence."[17] Nothing we decide today affects Ferguson's right to pursue a claim alleging that he has a right to have the default judgment set aside by filing a bill of review.

We hold Ferguson has not established that error exists on the face of the record. For that reason, we overrule the issues he raises in his brief and affirm the judgment rendered below.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 17, 2020
Opinion Delivered February 4, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

_____

in the manner required by the trial court's order authorizing service by alternative means.
[17]*Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) ("A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.").