**Affirmed and Memorandum Opinion filed February 4, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00842-CV

## RAMESH KAPUR, Appellant

### V.

## U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR THE HOLDERS OF THE CIM TRUST 2017-3 MORTGAGE-BACKED NOTES, SERIES 2017-3, Appellee

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-87850**

## MEMORANDUM OPINION

Ramesh Kapur appeals from a no-answer default judgment rendered against him in favor of U.S. Bank National Association ("U.S. Bank"). In two issues Kapur contends the trial court erred in denying his motion for new trial because (1) the return of service did not comply with the order granting substitute service; and (2)

Kapur satisfied the *Craddock*[1] requirements for a new trial. We affirm.

## BACKGROUND

In its petition U.S. Bank alleged that Carol Gafford purchased a condominium ("the Property") in 1998. Eight years later in 2006, Gafford executed a Texas Home Equity Loan Agreement (the "Security Instrument"), with which U.S. Bank believes Gafford paid the original 1998 loan. In 2012, due to nonpayment of maintenance fees, the Condominium Association sold the Property at a trustee sale to Ramesh Kapur doing business as AIC Management. The Condominium Association's declarations have a provision that makes all liens subordinate in all respects to any mortgage. In 2018, U.S. Bank purchased the 2006 Home Equity mortgage on the property. U.S. Bank filed suit seeking a declaratory judgment that U.S. Bank's lien memorialized in the Security Instrument was superior to Kapur's lien.

In support of its petition U.S. Bank attached (1) the 1998 warranty deed with vendor's lien; (2) the 2006 Home Equity loan agreement and mortgage; (3) the 2018 transfer and assignment of the mortgage to U.S. Bank; (4) the 2012 trustee's deed conveying the Property to AIC Management; and (5) the Condominium Association's declarations.

After several unsuccessful attempts to serve the petition on Kapur, U.S. Bank filed a motion for substitute service of process pursuant to Texas Rule of Civil Procedure 106(b). In its motion U.S. Bank detailed five service attempts on Kapur at his last known address, 3427 Ashton Park Drive, Houston, Texas 77082. U.S. Bank researched other possible addresses for Kapur, including looking up the registration of a vehicle that was parked at the Ashton Park address. Service at that address was unsuccessful as was service at three additional addresses including four

---

[1] *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939).

attempts at one of those addresses. Searches of other property owned by Kapur showed his most current address to be the Ashton Park address. U.S. Bank also made several service attempts at the most recent address for AIC Management. U.S. Bank continued to research the Harris County District Clerk records in other cases in which Kapur had been a defendant. In three other unrelated Harris County suits Kapur listed the Ashton Park address as his current address. Assumed name records for AIC Management Company signed by Kapur reflected its address to be the Ashton Park address. U.S. Bank, therefore, requested authority to serve Kapur at the Ashton Park address by affixing the citation and petition to the front door of the property, by certified mail, return receipt requested, and first-class mail.

On April 9, 2019, the trial court granted U.S. Bank's motion permitting substitute service at the last known usual place of abode or business at 3427 Ashton Park Drive, Houston, Texas 77082, either: (1) by leaving a true copy of the citation, with a copy of the petition and the order authorizing substituted service attached, with anyone over sixteen years of age at the address; or (2) by firmly affixing a true copy of the citation, with a copy of the petition and order authorizing substitute service attached, to the front door at the address. The order further stated that service "shall not be deemed perfected unless it also complies with the following provisions:"

> (a) a copy of the Citation, Petition, and this Order shall be mailed by BOTH certified mail, return receipt requested, AND by regular mail to the Defendant at the same address at which service is authorized above;
>
> (b) the return of service shall not be made until 30 days after mailing or until the process server receives back the green card from the post office, whichever date is earlier;
>
> (c) the return of service shall include a statement setting out the date of mailing and the result of the mailing by certified mail, and the date of mailing and result of same by regular mail (i.e., whether the envelope was returned by the post office, the green card came back signed, etc.);

3

and

(d) a copy of any envelope or green card returned by the post office shall be attached to the return of service.

On May 17, 2019, Andrew Espinosa, the process server, filed an affidavit in which he averred that on April 18, 2019 he received the citation, petition, and order granting substitute service. On April 23, 2019 he delivered those documents to Kapur at 3427 Ashton Park Drive in Houston, Texas by "affixing a true copy of the citation, Plaintiff's original petition and order granting motion for substitute service of process attached to the front door of said address." Espinosa also averred that service was mailed by certified mail return receipt requested on April 29, 2019, but was not returned. Further, service was mailed by regular mail on April 29, 2019. Espinosa's affidavit was attached to the return of service, which was filed with the Harris County District Clerk on May 29, 2019.

U.S. Bank filed a motion for default judgment asserting that Kapur had not filed an answer or appeared in the case despite having been served with the petition. U.S. Bank attached the Security Instrument, which provided superior title in the mortgage holder and the Condominium declarations, which noted that a mortgagee would hold a superior lien to any purchaser who purchased the property at the Association's foreclosure sale. U.S. Bank alleged that its title was clouded by Kapur's inferior lien and sought declaratory judgment that Kapur took the Property subject to its Security Instrument and, as such, any ownership rights claimed by Kapur were extinguished by U.S. Bank's Security Instrument. The trial court signed a default judgment in which it declared that U.S. Bank's Security Instrument remained a valid and subsisting encumbrance on the Property and Kapur's interest was subject to U.S. Bank's Security Instrument.

Kapur filed a timely motion to set aside default judgment and motion for new

trial. Kapur supported the motion with a sworn affidavit. In that motion, Kapur asserted that the court should set aside the default because: (1) he was not properly served with citation; (2) because he was not properly served, he need not provide a meritorious defense; (3) although he need not provide a defense, he has a meritorious defense; and (4) granting a new trial would not cause delay or harm. The trial court signed an order denying Kapur's motion to set aside default judgment and for new trial. A reporter's record was made of the hearing on Kapur's motion, but no evidence was presented at the hearing.

ANALYSIS

## I.      Standard of Review and Applicable Law

In Kapur's first issue he asserts the trial court erred in granting default judgment because the return of service did not comply with the order granting substitute service. In his second alternative issue Kapur asserts he satisfied the *Craddock* requirements for a new trial.

We review a trial court's denial of a motion for new trial after a default judgment for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Novik v. Lendr*, LLC, 592 S.W.3d 907, 911 (Tex. App.—Houston [14th Dist.] 2019, no pet.). We first turn to Kapur's arguments regarding service.

## II.      The trial court did not err in denying a new trial on Kapur's improper-service ground.

For a default judgment to withstand direct attack, the record must establish strict compliance with the rules of civil procedure governing issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994);

*Creaven v. Creaven*, 551 S.W.3d 865, 870–71 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If the record does not affirmatively show strict compliance with the rules, the attempted service of process is invalid. *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007).

Texas law prefers personal service over substituted service. *Creaven*, 551 S.W.3d at 870. When the plaintiff uses substituted service, Texas law places a burden on the plaintiff to prove that he or she served the defendant in the manner required by the applicable rule. *Id*. Texas Rule of Civil Procedure 106 authorizes a court to order a substituted method of service. Tex. R. Civ. P. 106(b)(2). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." Tex. R. Civ. P. 107(f). When a trial court orders substituted service under Rule 106, the only authority for the substituted service is the order itself. *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.); *see also Creaven*, 551 S.W.3d at 870. As a result, any deviation from the trial court's order necessitates a reversal of the default judgment based on service. *Vespa*, 98 S.W.3d at 752.

U.S. Bank served Kapur via substituted service under Rule106, and thus was required to follow the trial court's instructions precisely. *See Creaven*, 551 S.W.3d at 871. The trial court required service (1) by leaving a true copy of the citation, with a copy of the petition and the order authorizing substitute service attached, with anyone over sixteen years of age at the address; or (2) by firmly affixing a true copy of the citation, with a copy of the petition and order authorizing substitute service attached, to the front door at the address. The order further required the petition, citation, and order granting substitute service to be mailed certified mail return receipt requested and first-class mail. The return of service is prima facie evidence of how service was performed. *Id*.

6

In Kapur's affidavit attached to his motion to set aside default judgment and motion for new trial Kapur asserted that he did not receive service because he did not live at 3427 Ashton Park Drive. Kapur also averred that he was out of the country on April 23, 2019, the day the citation and petition were attached to the door of that address, and did not return to the United States until May 27, 2019.

In U.S. Bank's response to the motion to set aside default judgment it presented evidence that (1) Harris County assumed name records reflected the address of AIC Management was 3427 Ashton Park Drive; (2) AIC Management filed an answer in unrelated litigation listing its address as 3427 Ashton Park Drive; (3) another trial court in unrelated litigation granted substitute service on AIC Management at 3427 Ashton Park Drive; (4) Kapur filed a motion for new trial in another unrelated case and identified the business address of AIC Management as 3427 Ashton Park Drive; (5) in yet another unrelated litigation Kapur requested an oral hearing on April 26, 2019, a date he averred he was out of the country; and (6) in a motion to compel in the same case, Kapur states that he appeared at a hearing in Harris County District Court on May 1, 2019. At the hearing on Kapur's motion to set aside default judgment Kapur's counsel admitted that Kapur did not leave the country until May 7, 2019 and returned "toward the end of May." The trial court's default judgment was not signed until July 30, 2019.

On appeal Kapur argues the trial court erred in denying his motion to set aside default judgment because the return of service did not comply with the trial court's order for substitute service. Specifically, Kapur alleges noncompliance with the order because the process server signed his affidavit 18 days after service was mailed. The date the process server signed his affidavit is not dispositive as it was not a requirement of the trial court's order. The court's order required that the return of service shall not be made until 30 days after mailing. The record affirmatively

reflects that the citation and petition were mailed April 29, 2019 and the return of service was filed May 29, 2019.

Kapur also contends he did not receive service of the petition and citation and the trial court should have granted his motion to set aside default judgment. A defendant is not entitled to have a default judgment set aside if the return of service includes the proper recitations and the defendant's alleged nonreceipt of service of process is uncorroborated. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). The return of service is not a trivial, formulaic document and is considered prima facie evidence of the facts it recites. *Id*. "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id*. Thus, we turn to Kapur's proof.

In the trial court Kapur asserted in his affidavit that he did not reside at the Ashton Park address and was not in the country at the time the citation and petition were served. We first note that the clerk's record contains a copy of the return of service and the affidavit from the process server. Because the return of service appears in the record it is prima facie proof of service unless Kapur corroborated with evidence his assertion that he did not receive the petition and citation. *See Fid. & Guar. Ins. Co.*, 186 S.W.3d at 573–74; *Primate Constr.*, 884 S.W.2d at 152. To defeat the prima facie showing, a defendant must do more than simply deny service: the defendant must corroborate denial of service with evidence of supporting facts and circumstances. *See Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). The corroborating circumstances may consist entirely of circumstantial evidence, but must derive from a source other than the defendant who challenges service. *Id*.; *see also Flores v. Sonic Auto. of Tex., L.P.*, No. 14-12-00722-CV, 2013 WL 5776077, at *3 (Tex. App.—Houston [14th Dist.] Oct. 24, 2013, pet. denied) (mem. op.).

8

Kapur did not offer corroborating evidence from another source of nonreceipt with his motion to set aside the default judgment and, indeed, Kapur's assertions that he did not reside at the Ashton Park address and was out of the country on the date of service were rebutted by U.S. Bank. Kapur's counsel admitted at the hearing that Kapur's affidavit was inaccurate when stating when Kapur was out of the country. Kapur's assertions did not go beyond his own denial that he did not receive service. Kapur presented no independent facts and circumstances that supported and thus corroborated his claim. *See Ward*, 488 S.W.2d at 738.

Kapur further alleges noncompliance with the substitute service order because the green card showing receipt of service was not attached to the return of service. The trial court's order granting substitute service required, "a copy of any envelope or green card returned by the post office" to be attached to the return of service. The affidavit of service noted that "Service was mailed out By CMRRR on 4/29/19 and has not been returned." The certified mail receipt was attached to the return of service. The order granting substitute service further provided that, "service of process will be deemed complete upon compliance with this Order, regardless of whether Defendant signs the certified mail receipt." Therefore, failure to attach the green card did not show lack of compliance with the court's order. *See generally State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993) ("[T]o require proof of actual notice upon substituted service would frustrate Rule 106(b)'s purpose of providing alternate methods"). We therefore overrule Kapur's first issue.

## III. The trial court did not err in denying a new trial based on *Craddock*.

Because we hold that the trial court did not abuse its discretion in denying Kapur's motion to set aside the default judgment on the basis of defective service of citation, we turn to Kapur's second issue in which he contends he met the *Craddock* test for setting aside a default judgment. *Craddock*, 133 S.W.2d at 126; *see also*

9

*Primate Constr.*, 884 S.W.2d at 152. A trial court abuses its discretion if it refuses to set aside a default judgment and grant a new trial when: (1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference, but rather due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) granting a new trial will occasion no undue delay or otherwise injure the party taking the default judgment. *Craddock*, 133 S.W.2d at 126. If the movant does not satisfy all three prongs, the trial court does not abuse its discretion in refusing to set aside a default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). We address only the second *Craddock* element because that issue is dispositive.

The second prong of the *Craddock* test requires Kapur to "set up" a meritorious defense in his motion for new trial. *See id*. at 927. "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Id*. at 927–28 (quoting *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)). Rather, a motion for new trial sets up a meritorious defense if in it the movant alleges facts which in law would constitute a defense to the plaintiff's claim and supports those facts by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id*. at 928. Under *Craddock*, Kapur had to (1) allege facts and attach affidavits to a verified motion to set aside the default judgment that would meet the three *Craddock* requirements or (2) present evidence at the hearing on his motion that met those requirements. *See Pickell v. Guar. Nat. Life Ins. Co.*, 917 S.W.2d 439, 443 (Tex. App.—Houston [14th Dist.] 1996, no writ).

In Kapur's motion for new trial he asserted he was not required to set up a meritorious defense, but, if he were required to do so, he had a meritorious defense to U.S. Bank's claims. First, Kapur asserted that U.S. Bank had offered no evidence that Gafford had used the proceeds of the home equity loan to pay off the original

10

1998 mortgage. Next, Kapur asserted that U.S. Bank was prohibited by the statute of limitations from asserting its interest in the Property because the Security Instrument was executed in 2006 and suit was not filed until 2018. Kapur, however, failed to provide evidence through his affidavit or otherwise to support these *Craddock* defenses. Kapur's affidavit attached to his motion pertains to his claim of defective service; Kapur did not provide any evidence of his alleged defenses. *See Novik*, 592 S.W.3d at 915 (assertions in declaration that pertained to claim of defective service did not as a matter of law constitute a defense on the merits to plaintiff's claims). We therefore overrule Kapur's second issue.

## CONCLUSION

Having overruled Kapur's issues on appeal we affirm the trial court's judgment.

/s/     Jerry Zimmerer
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

11