

# NUMBER 13-22-00200-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**BRAD CLAYTON,**                                            **Appellant,**

**v.**

**STEPHEN F. STAMPER,**                                   **Appellee.**

## On appeal from the 271st District Court
## of Jack County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Brad Clayton appeals a default judgment in favor of appellee Stephen F. Stamper. In four issues, which we reorganize and combine, Clayton argues that (1) defective service of process deprived the trial court of jurisdiction over him; (2) the evidence was legally insufficient to prove he damaged Stamper's oil storage tank; and

(3) the trial court's award of exemplary damages exceeded the statutory cap. We reverse and remand.

## I.   BACKGROUND[1]

On March 19, 2021, Stamper Operating Co., Inc.[2] filed its original petition and request for temporary restraining order, alleging that Clayton interfered with its operation of an oil and gas lease located in Jack County, Texas. Stamper is the owner and president of Stamper Operating Co. and the lessee of the oil and gas lease at issue. On August 20, 2021, Stamper filed his "Original Petition in Intervention" against Clayton for declaratory judgment, tortious interference with property rights, constructive eviction, and nuisance.[3] Citation for this pleading issued on the same day; however, Clayton was not served. A combined citation and return for the "Original Petition in Intervention" was filed into the case on August 30, 2021. Deputy Johnny Thompson of the Jack County Sheriff's Office signed the "Service Return" portion of the document which contained typed words, fill-in-the-blank spaces, and boxes that could be checked to convey that service was not executed or that additional information concerning the defendant's whereabouts was received. Deputy Thompson checked a box indicating that service was "[n]ot executed." The typed-statement, "The diligence used in finding defendant being," appears on the document followed by a fill-in-the-blank space containing Deputy Thomas's hand-written

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001(a). In this procedural posture, we are bound to apply the precedent of that court. TEX. R. APP. P. 41.3.

[2] Stamper Operating Co., Inc. is not a party to this appeal.

[3] The record indicates that Stamper and Stamper Operating Co. were represented by the same law firm.

2

note stating "3[-plus] [a]ttempts[,] gate closed [and] locked." Citation for the "Original Petition in Intervention" was re-issued on the same day.

On September 7, 2021, Stamper Operating Co. filed its "Motion for Substituted Service of Citation" seeking substitute service for, among other things, "Intervenor's [O]riginal [P]etition." In this motion, Stamper Operating Co. alleged that efforts had been made to serve Clayton, but Deputy Thompson was unsuccessful "due to [Clayton] locking the gate to his property." The motion[4] also alleged the following:

> 1.03. A trial on the merits was heard on [Stamper Operating Co.'s] Original Petition and Request for Permanent Injunction on August 31st, 2021. On that same day, Lt. David Vanderkaay, of the Jack County Sherriff's Office, provided sworn testimony to the Court that he attempted to personally serve [Clayton] and execute a Writ of Attachment at his residential address on August 31, 2021. While on the property, Lt. Vanderkaay feared for his physical safety. Lt. Vanderkaay had received reports that on a previous occasion, [Clayton], while sitting on the porch of his house, held a highpowered rifle in his hands and closely watched [Stamper's] independent contractors come on to the property to conduct operations on [Stamper Operating Co.'s] oil & gas lease.
>
> 2. Substituted Service. In light of [Clayton's] threatening nature and the inability to serve [Clayton], the only way to serve [Clayton] is through substituted service.

On September 9, 2021, the trial court granted the motion for substituted service.

The order stated in pertinent part

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Jack County Sheriff's Office, shall make service [on] . . . Clayton, by first, attempting to post citation and pleadings on the front door of his home . . . . But if safety continues to be a concern, then service should be effectuated by posting citation and the pleadings on the driver's side window of [Clayton's] pickup truck. But if that is not possible and safety continues to be a concern, then service should be effectuated by posting the citation and

---

[4] The motion also contained an attached affidavit and copy of the combined citation and return for the "Original Petition in Intervention" filed on August 30, 2021.

3

pleadings on the front of [Clayton's] gate to his property . . . .

A second combined citation and return for the "Original Petition in Intervention" was filed on September 20, 2021, as shown, in pertinent part, below.[5]

---

[5] We have made a non-substantive alteration to the image by cropping out white space bordering the image's content and by placing a black border around the altered image.

4

| | CITATION – Personal Service: TRC 99 | |
|---|---|---|

THE STATE OF TEXAS                                    COUNTY OF JACK

CAUSE NO. 21-03-034

TO:    BRAD CLAYTON
       12225 HWY. 380 W
       JACKSBORO, TX 76458 (or wherever he/she may be found)

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org

**FILED**

| Court: | 271st Judicial District Court<br>Jack County, TX | 11:30 A.M. _____ P.M. |
|---|---|---|
| Cause No.: | 21-03-034 | SEP 2 0 2021 |
| Date of Filing: | August 20, 2021 | |
| Document: | ORIGINAL PETITION IN INTERVENTION | ~~Tra~~ ~~7~~ DIST. CLERK<br>JACK COUNTY, TEXAS<br>BY _____ 20 _____ DEPUTY |
| Style of Suit: | STAMPER OPERATING CO., INC. vs. BRAD CLAYTON | |
| Clerk: | Tracie Pippin, District Clerk<br>100 N. Main St, Ste 310, Jacksboro, Jack County, TX 76458 | |
| Party or<br>Party's Attorney: | John T. Brown, Turner & Allen, P.C., P.O. Box 930, Graham, TX 76450 | |

Issued and given under my hand and seal of said court at office on this the 30th day of August, 2021.

*Tracie Pippin*
Tracie Pippin, District Clerk, Jack County, TX

by: *Susan Damron*
Susan Damron, Deputy

### Service Return

Came to hand on the __16__ day of __Sept__, 20__21__, at __11:21__ a.m., and executed on the __17__ day of __Sept__, 20__21__, at __3:10 PM__ by delivering to the within named __Brad Clayton__ in person a true copy of this citation, with attached copy(ies) of the _____ at _____ __Taped to front gate__ .

[ ] Not executed. The diligence used in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

| Service Fee: $ _____ | *Thomas Spurlock* Sheriff/~~Constable~~ |
|---|---|
| | __Jack__ County, Texas |
| | *TcMk* 413<br>Deputy/Authorized Person |

On September 10, 2021, the trial court signed its "Judgment Nihil Dicit and Order Granting Permanent Injunction." The order indicated that a hearing was held on August 31, 2021, on Stamper Operating Co.'s claims against Clayton, but Clayton "did not appear, though duly served with citation." In the order, the court found that "notice of trial was properly served upon . . . Clayton; that . . . Clayton[ ]did make an appearance in this cause but failed to appear at trial; and that . . . Clayton failed to file with the Court a written answer denying the merits of [Stamper Operating Co.'s] case." The order also stated that "Judgment Nihil Dicit is entered against . . . Clayton, on the issue of liability for damages alleged by [Stamper Operating Co.] in its Original Petition" and granted a permanent injunction against Clayton as requested by Stamper Operating Co.'s original petition.

On December 3, 2021, Stamper filed his "Notice of Non-Suit Without Prejudice," abandoning his constructive eviction claim against Clayton. On the same day, the trial court held a hearing on Stamper's petition in intervention. Clayton did not appear. Stamper presented two witnesses and evidence in support of his claims for damages. Stamper also presented testimony from his attorneys, who testified that he had incurred $60,000 in attorney's fees for work on the case. At the end of the presentation of evidence, the trial court pronounced that it found in favor of Stamper for "damages as testified."

On December 13, 2021, the trial court signed its default judgment[6] awarding $119,565 in actual damages, $500,000 in exemplary damages, and $60,000 in attorney's fees. On the same day, Stamper filed his "Motion for Severance," requesting that the trial

---

[6] The trial court's judgment is simply titled "Judgment." However, the judgment specifically represented that "intervenor appear[ed] in person [with] his attorneys of record . . . . [and] Clayton did not appear." Accordingly, we construe the trial court's judgment as a default judgment.

6

court's judgment for Stamper against Clayton be severed into a separate case so that it could become final. On December 28, 2021, the trial court signed its "Order Granting Severance," which severed Stamper's petition in intervention and judgment. Consequently, the trial court's December 13, 2021 written judgment became final.

On January 11, 2022, appellant filed his motion for new trial, requesting the trial court to vacate the "default judgment granted on December [1]3, 2021." On March 16, 2022, Stamper filed a response to appellant's motion for new trial. On March 22, 2022, the trial court entered its "Order Denying [Appellant's] Motion for New Trial." This appeal ensued.

## II.    DEFECTIVE SERVICE

In his first issue, Clayton claims the trial court was "without jurisdiction" to enter default judgment against him on Stamper's petition in intervention due to defective service as indicated by the return.

In his brief, Stamper argues that Clayton's first issue was rendered "moot" because the complained-of return was corrected. However, Clayton argues that the amended return is void. As a threshold matter to Clayton's first issue, we must determine whether we can consider the amended return filed after the entry of default judgment.

## A.    Amended Return

During the pendency of this appeal, after Clayton filed his initial brief, Stamper filed a motion to amend the return of service in the trial court on June 21, 2022. Over Clayton's objections, the trial court granted Stamper's motion on June 28, 2022. Stamper filed an amended combined citation and return on June 29, 2022. The amended return included

7

hand-written language in the fill-in-the-blank space indicating that a copy of the "Original Petition in Intervention" had been been served along with the citation. This space was left blank in the original return.

Texas Rule of Civil Procedure 118 provides that a trial court may allow an amended proof of service "[a]t *any time* in its discretion[.]" *See* TEX. R. CIV. P. 118 (emphasis added). "Recognizing a trial court's Rule 118 discretion, Texas courts have considered post-judgment amendments to proof of process in limited circumstances." *Propel Fin. Servs., LLC v. Conquer Land Utils., LLC*, 579 S.W.3d 485, 490 (Tex. App.—Corpus Christi–Edinburg, 2019 pet. denied) (citing cases in a footnote). "However, the trial court's authority to grant a Rule 118 amendment extends only as far as its plenary power over the judgment." *Id.*; *see also Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 696 (Tex. 1990) (recognizing a trial court's authority to amend proof of process in relation to a motion for new trial); *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 868 (Tex. App.— Fort Worth 2013, no pet.) (concluding that a trial court may sign a post-judgment order amending proof of process while it retains plenary power); *Dawson v. Briggs*, 107 S.W.3d 739, 745 (Tex. App.—Fort Worth 2003, no pet.) (same); *see also McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *4 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.) (holding that the trial court did not have the authority to grant a Rule 118 motion after its plenary power expired).

Where, as here, a timely motion for new trial is filed, a trial court retains plenary jurisdiction for thirty days after a motion for new trial is overruled, either by a written and signed order or by operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e).

Here, the trial court's plenary power expired on April 21, 2022, thirty days after the trial court signed its ordering denying Clayton's motion for new trial on March 22, 2022. *See id.* R. 329b(d), (e). Stamper did not move to amend the return of service until June 21, 2022, and the trial court's order granting the amendment was not signed until June 28, 2022, well outside the trial court's plenary jurisdiction. Therefore, the trial court's order granting the Rule 118 motion is void, and the amendment is of no effect. *See Propel Fin. Servs., LLC*, 579 S.W.3d at 491 (citing *Silguero v. State*, 287 S.W.3d 146, 148 (Tex. App.—Corpus Christi–Edinburg 2009) (orig. proceeding) (explaining that an order issued after the trial court's plenary power expires is void)). Accordingly, we will not consider the amended return in our review.

## B.    Compliance with Rule 106

Citing to *Vespa v. Nat'l Health Ins. Co.* for support, Clayton argues that service of Stamper's petition in intervention was not in strict compliance with the trial court's order of substituted service, "which in turn removed the court's jurisdiction over Clayton." 98 S.W.3d 749 (Tex. App.—Fort Worth 2003, no pet). According to Clayton, "the return of service showed only the citation was taped to the front gate and made no reference to the [petition in intervention]."

"For well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). The Texas Supreme Court has stated:

> Because no-answer default judgments are disfavored . . . and because trial
> courts lack jurisdiction over a defendant who was not properly served with

9

> process . . . we have construed "strict compliance" to mean just that. We indulge no presumptions in favor of valid issuance, service, or return of citation.

*Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (internal citations omitted).

Texas Rule of Civil Procedure 106 authorizes a court to order a substituted method of service. TEX. R. CIV. P. 106(b)(2). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." *Id.* R. 107(f). When a trial court orders substituted service under Rule 106, the only authority for the substituted service is the order itself. *Vespa*, 98 S.W.3d at 752. As a result, any deviation from the trial court's order necessitates a reversal of the default judgment based on service. *Id.*; *see also Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) ("Even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand." (citing *Wilson*, 800 S.W.2d at 836)).

The return of service has long been considered prima facie evidence of the facts recited therein. *Primate Const. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished. *Id.* at 153 (citing TEX. R. CIV. P. 99(a)). This responsibility extends to seeing that service is properly reflected in the record. *Id.* If the facts as recited in the return, pre-printed or otherwise, are incorrect and do not show proper service, then the one requesting service must seek to amend the return prior to judgment. *See id.*; *see also* TEX. R. CIV. P. 118. Strict compliance with the rules governing service of process must affirmatively appear on the record for a default judgment to withstand direct attack. *Pro-*

*Fire & Sprinkler, L.L.C. v. The Law Co., Inc.*, 661 S.W.3d 156, 163 (Tex. App.—Dallas 2021, no pet.) (citing *Primate*, 884 S.W.2d at 152). Whether service was in strict compliance with the rules is a question of law that we review de novo. *Id.*

In *Vespa*, the appellant challenged a default judgment in favor of National Health Insurance Company (NHI). 98 S.W.3d at 751. NHI sued the appellant for breach of contract. *Id.* After repeated attempts to serve the appellant, NHI filed a motion requesting substitute service, which was granted by the trial court. *Id.* The order required that the citation, petition, and a copy of the order granting substitute service be secured to the front door of the appellant's residence. *Id.* NHI served the appellant; however, the return of service indicated that only the petition and citation were posted and made no reference to the copy of the order granting substitute service. *Id.* Subsequently, the appellant failed to appear, and the trial court granted default judgment against the appellant. *Id.* The Fort Worth Court of Appeals reversed the default judgment, reasoning that NHI failed to strictly follow the trial court's order of substitute service:

> In the present case, the return of service provided prima facie evidence that [the appellant] did not receive the copy of the court's order. The trial court's order amounted to the only legal authorization for [NHI's] actions. When [NHI] failed to strictly follow the order, [NHI] violated rule 106 of the Texas Rules of Civil Procedure. Violation of rule 106 makes the service of process invalid and of no effect. *See Wilson*[, ]800 S.W.2d[ at] 836[.] Further, defective service of process removes the trial court's jurisdiction over the defendant. *See id.* (holding that jurisdiction is dependent upon citation issued and served in a manner provided for by law). Because service was defective in this case, the trial court lacked jurisdiction to grant the default judgment.

*Id.* at 752.

In this case, the trial court's order of substituted service allowed service to be

effectuated by the Jack's County Sherriff's Office "by posting the citation and pleadings on the front of [Clayton's] gate to his property." Here, the return was combined with the citation in a one-page document and signed by Deputy Spurlock of the Jack County Sheriff's Office. Though the citation included language indicating service of the "Original Petition in Intervention" was requested, the return only indicates that a copy of the citation was served. Nothing in the return indicates that Clayton was served a copy of Stamper's petition in intervention, and we may not presume that he was. *See Primate*, 884. S.W.2d at 152 (holding that "[t]he recitations in the return of service carry so much weight that they canot be rebutted by the uncorroborated proof of the moving party" and "[t]he weight given to the return is no less when the recitations impeach the judgment than when they support it") (cleaned up)); *see also Spanton*, 612 S.W.3d at 316. In addition, the return states that citation was "taped to front gate," but Deputy Spurlock did not indicate that the front gate referred to was the front gate of Clayton's property as specified in the trial court's order of substitute service. We cannot presume that the front gate referred to in the return was in fact the front gate of Clayton's property as directed by the trial court. *See Spanton*, 612 S.W.3d at 316; *see also Pro-Fire & Sprinkler, L.L.C.*, 661 S.W.3d at 162 ("[W]e indulge no presumptions, even reasonable ones, in favor of valid issuance, service, or return of citation.")

Thus, in these circumstances, the return does not constitute prima facie evidence that Stamper served Clayton with his petition in intervention in the precise manner required by the trial court's order of substituted service. *See Vespa*, 98 S.W.3d at 752. By failing to strictly follow the trial court's order of substituted service, Stamper violated

12

Rule 106 of the Texas Rules of Civil Procedure. *See Primate*, 884 S.W.2d at 153; *Vespa*, 98 S.W.3d at 752. Violation of rule 106 makes the service of process invalid and of no effect, and removes the trial court's jurisdiction over Clayton. *See Spanton*, 612 S.W.3d at 316; *Vespa*, 98 S.W.3d at 752 (citing *Wilson*, 800 S.W.2d at 836). Because service was defective in this case, the trial court lacked jurisdiction to grant the default judgment. We sustain Clayton's first issue.[7]

### III. CONCLUSION

We reverse the trial court's default judgment and remand for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
11th day of January, 2024.

---

[7] Because Clayton's first issue is dispositive, we need not address Clayton's remaining issues. *See* TEX. R. APP. P. 47.1.