

# NUMBER 13-20-00294-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**AGC CUSTOM HOMES, INC.,**                                          **Appellant,**

**v.**

**AARON AND ASHLEY GABBARD,**                                       **Appellees.**

---

### On appeal from the 443rd District Court of
### of Ellis County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Silva**

Appellant AGC Custom Homes, Inc. appeals from a no-answer default judgment entered against it for breach of contract, violations of the Texas Deceptive Trade Practices Act, breach of express warranty, breaches of warranty of good and workmanlike

performance, negligence, and negligent misrepresentation.[1] By a single issue, appellant complains that the trial court abused its discretion by denying appellant's motion to set aside the default judgment and for a new trial. We reverse and remand.

## I.   BACKGROUND

On October 25, 2019, appellees Aaron and Ashley Gabbard filed suit against appellant alleging property damage resulting from defects in appellant's construction of their residential property in Ellis, Texas. On October 31, 2019, appellees filed a motion for substituted service of citation alleging, in part, that they were unable to serve appellant's registered agent because the registered address on file was a vacant property. The trial court signed an order granting substitute service on November 5, 2019, requiring that appellees serve the secretary of state by delivering duplicate copies of the citation and petition, and that the secretary send one of the copies by registered mail addressed to the appellant at its registered office.

On March 16, 2020, appellees filed a motion for default judgment, asserting that:

Process server George Castillo personally served Defendant by delivering citation and a copy of Plaintiff's Original Petition to the Texas Secretary of State in accordance with this Court's Order for Substitute Service on November 12, 2019. A true and correct copy of the return of service is attached hereto as Exhibit A and incorporated herein by reference.[2]

. . . .

The deadline for Defendant to file an answer to Plaintiffs' Original Petition was December 11, 2019. *See* TEX. R. CIV. P. 99(b). Although being duly

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] The return of service on file states that appellees delivered duplicate copies of the process to the secretary of state and paid the required fee in accordance with the trial court's order. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.251(1)(B), 5.252. The record, however, contains no certificate from the secretary of state's office or any other document indicating the secretary of state forwarded a copy of the process to the appellant. *See id.* § 5.253; TEX. R. CIV. P. 106(b), 107.

2

served with process and cited to appear, Defendant has failed to appear and has wholly defaulted.

On March 18, 2020, the trial court entered a default judgment against appellant, finding that (1) appellant had been "properly served with citation and a copy of the Petition" but had nonetheless "wholly defaulted"; and (2) "[t]he allegations in the Petition, affidavits on file, the sworn testimony and evidence provided to the Court prove a prima facie cause of action by [appellees] against [appellant]." The trial court further awarded appellees' claim for damages in the amount of $12,450.00 and attorney's fees.

On April 17, 2020, appellant filed a motion to set aside the default judgment and for a new trial, arguing it never received service and met the standards for granting a new trial following a default judgment under *Craddock*.[3] *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Following a hearing, the trial court denied appellant's motion on May 8, 2020.[4] Appellant thereafter filed a motion to reconsider, which was denied by operation of law. *See* TEX. R. APP. P. 21.8(c). This appeal followed.

## II.    DEFAULT JUDGMENT

On appeal, appellant principally argues the trial court abused its discretion because appellant had established the right to have the default judgment set aside under *Craddock* by showing (1) its failure to appear was not intentional; (2) it had a meritorious defense; and (3) granting its motion would not injure the plaintiff. *See Craddock*, 133 S.W.2d at 126. Although not by independent issue, appellant additionally complained in

---

[3] Under *Craddock*, a trial court must "set aside a default judgment if (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise work an injury to the plaintiff." *Matter of Marriage of Sandoval*, No. 19-1032, __ S.W.3d __, __, 2021 WL 935908, at *2 (Tex. Mar. 12, 2021) (per curiam) (cleaned up); *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

[4] The record before us does not include a transcript of the hearing on appellant's motion.

3

its brief that it "did not receive citation or service of process by any means." We nonetheless address appellant's service complaint as it goes to the core question of why appellant failed to appear—a critical inquiry which precedes and is often embedded in a *Craddock* analysis. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 480 (Tex. 2019) ("We have firmly mandated that courts broadly construe issues to encompass the core questions and to reach all issues subsidiary to and fairly included within them."); *Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam) (providing that when an appellant's motion for new trial attacks a default judgment, the court must focus on the appellant's reason for failing to appear); *see also* TEX. R. APP. P. 38.9; *Allied Collision Ctr., Inc. v. Clark*, No. 14-15-01098-CV, 2017 WL 626637, at *2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2017, no pet.) (mem. op.) (addressing whether an appellant was served where the brief "refers" to a lack of service but it was not appellant's "focus[]").

"[T]he critical question in any default judgment [is] 'Why did the defendant not appear?'" *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (quoting *Fid. & Guar. Ins.*, 186 S.W.3d at 574). "If the defendant did not appear because he or she never received the suit papers, then the court should generally set aside the default judgment."[5] *Id.*; *see, e.g.*, *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376–79 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (reversing a default judgment without reaching *Craddock* elements after concluding that service was defective). "But if the defendant received the suit papers and has some other reason for not appearing, then

---

[5] "Receiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them." *Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

4

the default judgment must be set aside if the defendant proves the three elements of the *Craddock* test." *Sutherland*, 376 S.W.3d at 755. The former is premised on the fact that "a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). "Because no-answer default judgments are disfavored, and because trial courts lack jurisdiction over a defendant who was not properly served with process, we have construed 'strict compliance' to mean just that." *Id.* (internal citations omitted); *see also Plum v. Fuller*, No. 10-18-00363-CV, 2020 WL 5939055, at *1 (Tex. App.—Waco Aug. 26, 2020, no pet.) (mem. op.). We review a trial court's denial of a motion for new trial after a no-answer default judgment for an abuse of discretion. *Matter of Marriage of Sandoval*, No. 19-1032, __ S.W.3d __, __, 2021 WL 935908, at *2 (Tex. Mar. 12, 2021) (per curiam).

Although neither party disputes that appellant did not receive the suit papers, appellees argue it effectuated substitute service on the secretary of state pursuant to the trial court's order and any nonreceipt is appellant's own doing. *See* TEX. R. CIV. P. 106. Texas Rule of Civil Procedure 106 authorizes a trial court to order a substitute method of service. *See id.* When citation is made by an alternative method under Rule 106, as it was in this case, proof of service must be made in the manner ordered by the court. *See* TEX. R. CIV. P. 106, 107; *Spanton*, 612 S.W.3d at 318 (requiring strict compliance with the trial court's order permitting substituted service); *Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("When the plaintiff uses substituted

service, Texas law places a burden on the plaintiff to prove that he or she served the defendant in the manner required by the applicable rule.").

Here, the trial court's order granting appellees' request for substituted service required that appellees serve the Secretary of State of Texas by delivering duplicate copies of the citation and petition, and that the secretary send one of the copies by registered mail addressed to the appellant at its registered office.[6] *See* TEX. R. CIV. P. 106(b); *see also* TEX. BUS. ORGS. CODE ANN. §§ 5.251–5.253. Therefore, for purposes of obtaining a default judgment, the record must affirmatively show that, pursuant to the trial court's order, (1) appellees delivered duplicate copies of the process to the secretary of state, and (2) the secretary of state forwarded a copy of the process to appellant. *See Spanton*, 612 S.W.3d at 316 ("We indulge no presumptions in favor of valid issuance, service, or return of citation."); *see also Plum*, 2020 WL 5939055, at *2. A certificate of service from the secretary of state conclusively establishes that process was properly served. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) ("As the purpose of Rule 107 is to establish whether there has been proper citation and service, the Secretary's certificate fulfills that purpose."); *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986) ("Absent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by

---

[6] The language in the trial court's order mirrored the language found in the Texas Business Organizations Code. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.251–5.253. Under § 5.252, a petitioner seeking substitute service via the secretary of state must deliver duplicate copies of the process to the secretary and pay the required fee for forwarding by the secretary. *Id.* § 5.252. Thereafter, the secretary shall forward the copy of the process to the entity's most recent address on file with the secretary by certified mail, return-receipt requested. *Id.* § 5.253.

[the former long-arm] statute."); *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 828 (Tex. App.—Eastland 2012, no pet.) (concluding the same where § 5.253 is implicated).

In appellees' motion for default judgment, appellees attached a return, indicating that they had delivered duplicate copies of the process to the secretary of state in accordance with the trial court's order. *See* TEX. R. CIV. P. 106(b); *see also* TEX. BUS. ORGS. CODE ANN. §§ 5.251(1)(B), 5.252. The record, however, contains no certificate from the Texas Secretary of State's office indicating the secretary of state forwarded a copy of process to the appellant, and the record is otherwise silent in this regard. *See* TEX. BUS. ORGS. CODE ANN. § 5.253; *Spanton*, 612 S.W.3d at 318; *see also Rooftop Group USA, Inc. v. Shopper Events LLC*, No. 14-15-01040-CV, 2017 WL 2125648, at *3 (Tex. App.— Houston [14th Dist.] May 16, 2017, pet. denied) (mem. op.). "Substitute service therefore did not strictly comply with the trial court's order." *Spanton*, 612 S.W.3d at 318; *see* TEX. BUS. ORGS. CODE ANN. §§ 5.251–5.253; TEX. R. CIV. P. 106(b), 107; *see also Eco Gen. Contractors LLC v. Goodale*, No. 02-18-00146-CV, 2019 WL 1179409, at *4 (Tex. App.— Fort Worth Mar. 14, 2019, no pet.) (mem. op.) (reversing a default judgment where the record did not affirmatively show that the secretary of state forwarded a copy of process to the defendant). One might reasonably presume that because appellees delivered the requisite copies to the secretary and paid the fee, the secretary forwarded the copy as required by law. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.251–5.253. We, however, "cannot entertain such presumptions or beliefs to uphold a default judgment based on substitute service." *See Spanton*, 612 S.W.3d at 318; *see also Eco Gen. Contractors*, 2019 WL 1179409, at *4; *Henry v. Fest*, No. 10-03-00313-CV, 2005 WL 851033, at *1 (Tex. App.—

7

Waco Apr. 13, 2005, no pet.) (mem. op.) (reversing a default judgment where the record fails to show strict compliance with the rules).

Without a certificate from the secretary of state or similar proof in this record, we cannot conclude that appellant was served in strict compliance with the rules governing service. Thus, the default judgment was unsupported, and the trial court abused its discretion in denying appellant's motion to set aside the default judgment and for a new trial. *See Spanton*, 612 S.W.3d at 318*.* We sustain appellant's sole issue.

### III.    CONCLUSION

We reverse the default judgment and remand the case to the trial court for further proceedings.

CLARISSA SILVA
Justice

Delivered and filed on the
29th day of April, 2021.