**Reversed and Remanded and Opinion Filed May 31, 2023**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

## No. 05-22-00631-CV

## IN THE INTEREST OF V.R.W. III, A CHILD

**On Appeal from the County Court**
**Kaufman County, Texas**
**Trial Court Cause No. 110502-CC**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Breedlove

In this suit affecting the parent-child relationship, the trial court rendered a default judgment granting Father's petition to adjudicate parentage. Because Mother was not served with process, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

### BACKGROUND

Father[1] filed a petition to adjudicate V.R.W. III's parentage when V.R.W. III was five months old. Several weeks later, Father filed a motion for alternative service

---

[1] We refer to appellee as "Father" to protect V.R.W.III's privacy although our judgment reverses the trial court's judgment adjudicating Father's parentage. *See* TEX. FAM. CODE § 109.002(d) (appellate court may identify parties by fictitious names or initials to protect minor's identity); *see also* TEX. R. APP. P. 9.8 (protection of minor's identity in certain cases). We express no opinion on Father's paternity.

alleging that attempts to serve Mother in person had been unsuccessful. The motion was accompanied by the affidavit of Amanda Deaver, who testified to three attempts to serve Mother in person at an address in Forney, Texas and two messages left on voicemail. Deaver testified to her belief that service could be effected by sending the citation and petition to Mother "via telephone message to her cell phone" or in any other manner the court deemed "reasonably effective to give the defendant notice of the suit."

Although Deaver's affidavit did not mention service by Facebook or by any other social media communication, Father's unsworn motion for alternative service recited that "[r]easonably effective notice of the suit may be given to [Mother] by Posting of Facebook." The trial court granted Father's motion, ordering "that service on [Mother] be effected by Posting on Facebook." Neither the motion nor the order provided any detail about how or why service in this manner would be reasonably effective to give Mother notice of the suit.

Deaver subsequently filed a "Declaration of Service," stating that she had served Mother by delivering a copy of the citation, petition, and notices of hearing "via Facebook Messenger" at a specific internet address on May 3, 2022. Mother did not file an answer.

On June 9, 2022, Father filed an affidavit stating that he is V.R.W. III's father and requesting an order adjudicating his parentage. He stated that Mother was served on May 3, 2022 but failed to file an answer. The trial court signed "default temporary

orders" and an order adjudicating V.R.W. III's parentage on June 22, 2022. The order recited that Mother was "duly and properly cited" but "did not appear and wholly made default." In addition to adjudicating V.R.W. III's parentage, the order established conservatorships and provided for possession and access to the child, among other matters.

Mother filed her notice of appeal in this Court within five days of the trial court's ruling. On the same date, however, she also filed a motion to set aside the default judgment in the trial court alleging that she was never served with process. At a hearing on September 27, 2022, while this appeal was pending, the trial court orally granted Mother's motion to set aside the judgment and for new trial. The trial court, however, did not sign a written order granting the motion for new trial until November 22, 2022.

Mother's appeal challenges the trial court's exercise of its jurisdiction despite the lack of proper service.

## ISSUES AND STANDARD OF REVIEW

In eight issues,[2] Mother contends the trial court erred by rendering the June 22, 2022 order adjudicating parentage because she was not served with process. She argues that service by social media was not proper, Father failed to show that he

---

[2] Mother's fifth issue challenges Father's paternity. We pretermit consideration of this issue because it is not necessary to final disposition of this appeal. TEX. R. APP. P. 47.1.

used proper due diligence in attempting to serve process, and there is no evidence to support service by social media.

"Generally, the same standards of review and powers of disposition that govern ordinary appeals govern the review of a default judgment." *Creaven v. Creaven*, 551 S.W.3d 865, 870 n.6 (Tex. App.—Houston [14th Dist.] no pet.). Unless the record affirmatively shows an appearance by the defendant, proper service of citation on the defendant, or a written waiver of service at the time the default judgment is entered, the trial court does not have personal jurisdiction to render the default judgment against the defendant. *Id.* at 870. We review de novo whether a trial court has personal jurisdiction. *Id.*

## DISCUSSION

### 1. Service of process

In *Spanton v. Bellah*, the supreme court explained, "[w]e have long held that a no-answer default judgment cannot stand when the defendant was not served in strict compliance with applicable requirements." 612 S.W.3d 314, 316 (Tex. 2020) (per curiam) (internal quotation omitted). "Because no-answer default judgments are disfavored, and because trial courts lack jurisdiction over a defendant who was not properly served with process, we have construed 'strict compliance' to mean just that." *Id.* (internal citations omitted). "We indulge no presumptions in favor of valid issuance, service, or return of citation." *Id.*; *see also Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex. App.—Dallas 2006, no pet.)

–4–

(jurisdictional facts must affirmatively appear in the record; plaintiff bears the burden of alleging sufficient jurisdictional facts to bring defendant within the provisions relied on for service).

In 2020, the supreme court amended civil procedure rule 106(b)(2) to "clarif[y] that a court may, in proper circumstances, permit service of citation electronically by social medial, email, or other technology." TEX. R. CIV. P. 106 cmt. (2020); *see* TEX. CIV. PRAC. & REM. CODE § 17.033(b) (directing supreme court to adopt rules for substituted service by electronic communication). Rule 106(b)(2) provides that upon motion supported by a sworn statement, a court may authorize service "in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). "In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." TEX. R. CIV. P. 106 cmt. (2020).

The record does not contain any sworn statement or other evidence to show that the proposed "Posting on Facebook" would be reasonably effective to give Mother notice of the suit. There was no evidence that Mother regularly used Facebook and no evidence that the address given was Mother's. The only sworn statement supporting the request for substituted service did not mention Facebook. Further, the trial court's order permitted service by posting on Facebook, while the

return of service recited that service was made "via Facebook Messenger." No specific address was given or included in the motion or in the court's order. We conclude that Mother was not served with process in accordance with the rules of civil procedure. Accordingly, the default judgment must be set aside. *See Spanton*, 612 S.W.3d at 318 (vacating default judgment and remanding the case to the trial court for further proceedings).

## 2. New trial order

Although the trial court did sign an order granting Mother's motion to set aside the default judgment, we conclude that it lacked plenary power to do so. The trial court's plenary jurisdiction extended for 105 days after June 22, 2022, the date of the order adjudicating V.R.W. III's parentage, because Mother timely filed a motion to set aside the order. "If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e). If a motion for new trial "is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c).

"Under rule 329b(c), an order granting a new trial or modifying, correcting or reforming a judgment must be written and signed." *In re Lovito-Nelson*, 278 S.W.3d

773, 775 (Tex. 2009) (per curiam) (orig. proceeding) (internal quotation omitted). Mother filed a motion to set aside the June 22, 2022 order adjudicating parentage on June 27, 2022. The seventy-five day period ended on September 5, 2022. TEX. R. CIV. P. 329b(c). The trial court heard Mother's motion on September 27, 2022, but did not sign the order granting the motion until November 22, 2022, more than thirty days after Mother's motion was overruled by operation of law. TEX. R. CIV. P. 329b(e). Accordingly, the trial court lacked jurisdiction to grant a new trial and its order is a nullity. *In re Lovito-Nelson*, 278 S.W.3d at 776 (conditionally granting mandamus directing the trial court to vacate its order signed after plenary power expired).

Because Mother was not served with process in accordance with the rules of civil procedure and the trial court's order granting new trial was a nullity, we sustain Mother's issues 1 through 4 and 6 through 8.

## CONCLUSION

We reverse the trial court's June 22, 2022 order and remand the case to the trial court for further proceedings consistent with this opinion.

/Maricela Breedlove//

MARICELA BREEDLOVE
JUSTICE

220631f.p05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF V.R.W. III, A CHILD,

No. 05-22-00631-CV

On Appeal from the County Court, Kaufman County, Texas
Trial Court Cause No. 110502-CC.
Opinion delivered by Justice Breedlove. Justices Partida-Kipness and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Jazmine Michelle Kea recover her costs of this appeal from appellee Vaneous Ray Wright, Jr.

Judgment entered this 31st day of May, 2023.