**Opinion filed October 2, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00030-CV

_____

## STEVE VAN HORNE, Appellant

## V.

## CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 51801-A**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a tax suit filed by the Central Appraisal District of Taylor County (CADTC) against Appellant, Steve Van Horne. In its operative pleading, CADTC alleged, as it has on other occasions, that Van Horne (or an organization or entity in which he is or has been associated) owed delinquent property taxes on certain real property located in Taylor County. In this case, after

a bench trial, CADTC secured a judgment against Van Horne for the delinquent taxes. Van Horne appeals from that judgment.[1]

In nine issues, some of which we address together, Van Horne essentially contends that: (1) he is not a proper party to the underlying tax suit; (2) CADTC does not have standing to pursue and collect delinquent property taxes from him; (3) because substituted service was not properly effectuated, the trial court did not acquire jurisdiction over him; and (4) he is entitled to an exemption from property taxation as a "matter of conscience" and because he operates a religious organization. For the reasons we have expressed before and reiterate below, we affirm.

## I. *Factual and Procedural History*

CADTC assessed property taxes for 2022 and 2023 on two properties in Taylor County that Van Horne allegedly owned. Because Van Horne failed to pay the assessed taxes, CADTC filed suit to recover, among other things, the delinquent property taxes. After suit was filed, CADTC's process server made at least three attempts to personally serve Van Horne with citation of the delinquent taxes and the underlying suit; however, each attempt was unsuccessful. Consequently, CADTC filed a motion for substituted service of citation pursuant to Rule 106(b) of the Texas

---

[1]We note that this is the third appeal filed with this court by either Van Horne, or an organization or entity in which he is or has been associated, whereby a challenge was asserted to the propriety of a judgment rendered by a Taylor County district court for the collection of delinquent property taxes. *See KOYOE Society v. Cent. Appraisal Dist. of Taylor Cnty.*, No. 11-23-00199-CV, 2025 WL 2346889 (Tex. App.—Eastland Aug. 14, 2025, pet. filed) (mem. op.); *Children of the Kingdom v. Cent. Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407 (Tex. App.—Eastland 2023, pet. denied), *cert. denied sub nom. Horne v. Cent. Appraisal Dist. of Taylor Cnty.*, 145 S. Ct. 217 (2024).

As he did in the trial court below, Van Horne is also proceeding pro se on appeal. Although we liberally construe briefs and other filings that are submitted by pro se parties, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Aaron v. Fisher*, 645 S.W.3d 299, 312 (Tex. App.—Eastland 2022, no pet.).

Rules of Civil Procedure. *See* TEX. R. CIV. P. 106(b). The trial court granted the motion and ordered substituted service. Pursuant to the trial court's order, CADTC served Van Horne with citation of the delinquent taxes and the underlying suit through substituted service on July 29, 2024. Van Horne responded to the suit, filed a "notice of special appearance" (which became moot when Van Horne appeared for and participated at trial), and asserted that the trial court lacked jurisdiction over him and the case.

Trial of the underlying suit proceeded on January 17, 2025; Van Horne appeared and participated. CADTC presented evidence of the delinquent tax amounts that were due and owing for the subject properties, and Van Horne had the opportunity to contest this evidence and offer his own. After it considered the evidence presented, the trial court granted judgment in favor of CADTC for the delinquent amounts. This appeal followed.

## II. *Analysis*

The issues raised by Van Horne appear to globally challenge the trial court's jurisdiction to enter a judgment against him for the delinquent property taxes.

### A. *Jurisdiction*

To render a binding decision, a trial court must possess both subject-matter jurisdiction over a case and personal jurisdiction over the parties to the case. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Subject-matter jurisdiction refers to the trial court's authority to hear and decide a case, while personal jurisdiction concerns the trial court's authority to bind a person or a party to the case to the decision it makes. *Id.*; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993).

Whether subject-matter jurisdiction exists is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.

3

2004). Similarly, whether personal jurisdiction exists over a defendant is also a question of law. *BMC Software Belguim, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In this regard, we have said "[i]t is without question that a Texas court may exercise personal jurisdiction over any resident of the State of Texas, natural or otherwise." *KOYOE Society*, 2025 WL 2346889, at *2.

As we explain, the trial court possessed the requisite subject-matter jurisdiction to hear and decide this case and, because he appeared for and participated in the trial of the case, the necessary personal jurisdiction over Van Horne.

B. *Proper Party to the Suit and Standing to File Suit*

In his first, second, third, and seventh issues, Van Horne contends that he is not a proper party to the underlying suit because (1) he is not the titled or record owner of the subject properties, and (2) CADTC does not have standing to pursue a claim against him for the collection of delinquent property taxes. Here, the record shows that the subject properties are held by an unincorporated entity, The Foundation of Light, of which Van Horne is the managing director. In that capacity, Van Horne has the unfettered discretion and authority to, among other things, "purchase and sell real estate, and conduct any, and all business, on behalf of, and for [this] Free Religious Organization."

Because of Van Horne's connection to and association with The Foundation of Light, CADTC argues that Van Horne is effectively doing business as The Foundation of Light; therefore, he is liable for that entity's obligations, including the responsibility for the payment of its annual property taxes that are due. *See Salyers v. Tex. Workers' Comp. Ins. Fund*, No. 03-03-00011-CV, 2003 WL 22024670, at *2 (Tex. App.—Austin Aug. 29, 2003, pet. denied) (mem. op.) ("[I]ndividuals who do business as an unincorporated entity are personally liable for

4

the entity's obligations."). We agree. Therefore, and contrary to Van Horne's assertion, we conclude that Van Horne is a proper party to the underlying suit.

Van Horne further contends that CADTC lacks standing to bring the underlying suit against him for the collection of delinquent property taxes. Despite his contention, Van Horne should be aware that we have twice considered and rejected this same argument. *See KOYOE Society*, 2025 WL 2346889, at \*4; *Children of the Kingdom*, 674 S.W.3d at 414–15. For the same reasons that we have previously stated on this point, we reject it again today.

Accordingly, we overrule Van Horne's first, second, third, and seventh issues.

C. *Service of Process*

In his ninth issue, Van Horne asserts that CADTC failed to properly serve him with citation and process. In Texas, citation must be served by (1) "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition" or (2) "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a). If service by the above methods is ineffective, the trial court, upon proper request, may authorize service in any other manner that a sworn statement or other evidence shows will be reasonably effective to give the defendant notice of the pending suit— i.e., by substituted service. TEX. R. CIV. P. 106(b)(2).

When the plaintiff properly invokes the substituted service procedure provided for by Rule 106(b)(2), the burden rests with the plaintiff to prove that it served the defendant in the manner required by this rule. *Children of the Kingdom*, 674 S.W.3d at 416 (citing *Creaven v. Creaven*, 551 S.W.3d 865, 870 (Tex. App.— Houston [14th Dist.] 2018, no pet.)). If a trial court authorizes and orders substituted service, the only valid authority for service is the order itself. *Id.* (citing *Spanton v. Bellah*, 612 S.W.3d 314, 316–18 (Tex. 2020)). Thus, if the record shows that citation

5

was properly served on the defendant in compliance with the applicable rules, service of process will not be invalid. *Id.* (citing *Williams v. Williams*, 150 S.W.3d 436, 444 (Tex. App.—Austin 2004, pet. denied)).

In this case, the trial court ordered and authorized substituted service of citation for Van Horne based on the process server's affidavit that detailed his attempts and inability to serve Van Horne personally. The process server later served Van Horne on July 29, 2024, by affixing a copy of the citation and petition to the front door of Van Horne's residence. Therefore, Van Horne was properly served in compliance with the trial court's valid order for substituted service.

Accordingly, we overrule Van Horne's ninth issue.

D. *Property Tax Exemption*

In his fourth, fifth, and sixth issues, Van Horne argues that he is entitled to an exemption from property taxation as a "matter of conscience" and because he operates a religious organization. However, a person's religious beliefs, alone, do not excuse that person from complying with the governing law. *Children of the Kingdom*, 674 S.W.3d at 418 (citing *Emp't Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 878–79 (1990)).

Procedures exist for one to seek a valid property tax exemption. *See* TEX. TAX CODE ANN. §§ 11.20, 11.43 (West Supp. 2024). In this instance, it is clear that Van Horne, like the appellants in *Children of the Kingdom* (whom he was associated with and "represented" in the trial court proceedings and on appeal), did not pursue or comply with the necessary steps to obtain this exemption—a person or religious organization that desires to claim this exemption must apply for it and show that the mandatory statutory requirements were satisfied. *See* TAX §§ 11.20, 11.43(a); TEX. CONST. art. 8, § 2(a); *Children of the Kingdom*, 674 S.W.3d at 419–20. Because Van Horne did neither, his argument fails, and he is liable for the delinquent property

taxes that are associated with the subject properties. *KOYOE Society*, 2025 WL 2346889, at *2–3; *Children of the Kingdom*, 674 S.W.3d at 420.

Accordingly, we overrule Van Horne's fourth, fifth, and sixth issues.

E. *Immunity From Suit*

In his eighth issue, Van Horne asserts that he is entitled to immunity from CADTC's suit because The Foundation of Light, which he manages, is an entity that has declared its creation and separation based on "matters of conscience" as a "private pure trust." We recently addressed and rejected similar immunity arguments asserted by Van Horne. *See Van Horne v. State*, No. 11-23-00002-CR, 2024 WL 4151879, at *3–6, *8–9 (Tex. App.—Eastland Sept. 12, 2024, pet. dism'd) (mem. op., not designated for publication) (collecting cases) (Van Horne argued that the State of Texas has no jurisdiction over him and the laws of Texas do not or should not apply to him.). We do so again today in this case.

Accordingly, we overrule Van Horne's eighth issue.

III. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER
JUSTICE


October 2, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.